**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4401**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MILLIS SHAKILYA BRYSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.   Lacy H. Thornburg, District Judge.  (CR-96-7)

Argued:  December 2, 2005          Decided:  December 21, 2005

Before WILKINS, Chief Judge, LUTTIG, Circuit Judge, and Walter D. KELLEY, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Thomas Norman Cochran, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.   Thomas Richard Ascik, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.  **ON BRIEF:** Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Defendant-appellant Millis Shakilya Bryson was sentenced to two years in federal prison after the district court found that he had violated the conditions of supervised release previously imposed upon him pursuant to his conviction for violating the federal prohibition against possession of a firearm by a felon. He appeals, claiming that the maximum statutory period of supervised release had elapsed before his violations occurred and that the district court therefore lacked jurisdiction to return him to prison for two more years.

Appellant's entire claim rests on an erroneous belief as to the end date of the supervised release period. Appellant was subject to the maximum three year supervised release period, which was originally scheduled to end on April 22, 2001. J.A. 17. But because appellant was incarcerated in state prison for a period of 51 months and 22 days –- from December 9, 1999, to January 16, 2004, and from February 23, 2004, to May 8, 2004, J.A. 17 –- the supervised release period was tolled for that amount of time pursuant to 18 U.S.C. § 3624(e). 51 months and 22 days after April 22, 2001, is August 14, 2005.

Appellant has relied on the probation officer's erroneous calculation that, after tolling, the supervised release period was scheduled to end on September 13, 2004. J.A. 35-36. This reliance has caused appellant to argue mistakenly that his violations of the

supervised release conditions occurred after his supervised release period had ended.  The violations, which occurred on September 28, 2004, and January 15, 2005, J.A. 113-14, plainly occurred before August 14, 2005.  The district court therefore clearly had jurisdiction to revoke appellant's supervised release and sentence him to two years in prison.  The judgment of the district court is affirmed.

AFFIRMED